The Michigan Central Railroad Co. *v.* Spring Creek Drainage District,

and

Joliet and Northern Indiana Railroad Co. *v.* Same.

*Opinion filed June 23, 1905.*

1. Drainage—*methods provided by the Levee act for assessing damages are void.* The methods provided by the Levee act for assessing damages and benefits, both by a jury and by the commissioners, are unconstitutional and void.

2. Same—*only method by which property can be taken for public use.* The only legal method by which a property owner can be deprived of his property for public use is by having his damages assessed by a jury duly selected, empaneled and sworn and acting under the direction of a court of competent jurisdiction.

3. Same—*assessment of damages under Levee act must be under the constitution.* In the present condition of the Levee act the assessment of damages may be had only in accordance with the provisions of the constitution.

4. Same—*commissioners' first report does not work estoppel.*
The first report of drainage commissioners made under paragraph 4
of section 9 of the Levee act, finding that none of the lands set forth
as benefited by the proposed work will be injured, does not estop
an owner of such land from claiming damages and having that
question submitted to a jury, under the constitution.

Appeal from the County Court of Will county; the
Hon. Dwight C. Haven, Judge, presiding.

A petition was filed in the county court of Will county
for the organization of the Spring Creek drainage district.
Upon a hearing the court found that the petition was signed
by a majority of the owners representing the necessary area
of land; that the land was subject to overflow and required
drainage; that the district should be formed as prayed; and
three commissioners were appointed to carry into effect the
order of the court. The commissioners reported that they had
examined the lands, that the work was necessary, proper and
advisable, and that they had determined to follow the route
of Spring creek, a natural water-course, with certain changes
and additions, as shown on a map made a part of the report.
They further reported that the probable cost would be $165,-
000, and that none of the lands described in the petition and
none of the lands set forth as benefited by the proposed work
would be injured, and that the probable amount of damage
which the land would sustain by reason of the construction
of the work would not exceed $16,000, which amount would
be required in order to obtain land for the purpose of widen-
ing the channel of the stream. The court made an order con-
firming this report, and further ordered that the commis-
sioners, in lieu of a jury, proceed to make an assessment of
benefits against the land. The commissioners returned their
assessment roll assessing the Michigan Central Railroad
Company as benefits the sum of $4144 and the Joliet and
Northern Indiana Railroad Company $552. Appellants filed
objections to this assessment, and upon a hearing the court
found that there was included in the roll, assessments against

property to be actually taken for the purposes of the district. The commissioners were instructed to amend and modify the roll by the exclusion of the lands actually taken. To the amended roll objections were again filed, and upon hearing the court overruled the legal objections and the commissioners overruled the other objections, and the roll was thereupon confirmed. From that order this appeal has been taken.

Winston, Payne & Strawn, and J. L. O'Donnell, for appellants.

S. J. Drew, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

It is first insisted by appellants that the organization of the district will damage their property to the extent of at least $100,000, and that their damages have never been estimated by a jury, as provided in section 13 of article 2 and section 14 of article 11 of the constitution of 1870. In answer to this position appellee contends that the question of damages to appellants' property has been conclusively determined; that the first report of the commissioners filed in the county court found that none of the lands described in the petition and none of the lands set forth as benefited by the work and not named in the petition will be injured by the proposed improvement. No objection was filed to this report and the same was approved by the court, hence it is said there are no damages to be ascertained.

There are two methods provided under the Drainage act for estimating benefits and damages. One is by a jury as provided in sections 16, 17, 19, 20 and 21, and the other by commissioners, as provided in section 37. Both methods have been condemned by this court as unconstitutional and void. (*Wabash Railroad Co.* v. *Drainage Comrs.* 194 Ill. 310; *Juvinall* v. *Jamesburg Drainage District,* 204 id. 106.) The only legal method by which a property owner can be de-

prived of his property for public use is by having his damages assessed by a jury duly selected, empaneled and sworn and acting under the direction of a court of competent jurisdiction. In the present condition of the law such a jury and hearing can only be had under the provisions of the constitution granting that right to the property holder. It is not claimed that appellants' damages have been so ascertained.

Nor can we agree with the contention of counsel for appellee that appellants are estopped by the first report of the commissioners from asserting their claim to damages. That report was in no sense a judicial determination of the question of damages. Section 5 of the Drainage act provides. for the hearing of the petition by the court and the appointment of the commissioners. Section 9 provides that as soon as may be after their appointment the commissioners shall examine the land proposed to be drained and the land over or upon which the work is proposed to be constructed, and determine several facts therein enumerated, the fourth paragraph of which reads: "What lands will be injured by the proposed work, and the probable aggregate amount of all damages such lands will sustain by reason of the laying out and construction of such work." Section 10 provides that if the commissioners shall find, upon such investigation, that the cost, expense and damages are more than equal to the benefits, they shall be so reported, and the proceedings shall be dismissed at the cost of the petitioners. The report made by the commissioners, under which appellee seeks to conclude appellants as to the damages, was made under said paragraph 4 of section 9, and was merely for the purpose of informing the commissioners and the court as to whether the cost, expenses and damages were more than equal to the benefits, so that the proceedings might be dismissed if found necessary. This report is in no way conclusive as to any of the matters contained in it, but it is a mere estimate as to the probable cost, expense and damage occasioned by the proposed work. As the work progresses the items as estimated

may be increased or diminished. The report of the commissioners that there would be no damage to appellants' land could not deprive them of the right to have that question tried by a jury authorized by the constitution. To hold otherwise would be to say that an unauthorized body could determine the question of damages by simply reporting that there would be no injury, etc.

On the presentation of the assessment roll appellants claimed damages and offered evidence in support of that claim, but their testimony was excluded by the court and each of their objections overruled. To sustain this ruling would be to practically authorize the taking of private property for public use without just compensation, to be legally ascertained, and without due process of law.

We think, in view of our former decisions, the court below erred, and its judgment must be reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*

Subsequently, upon petition for rehearing being allowed, the following additional opinion was filed:

Per CURIAM: A petition for a rehearing has been allowed, in which it is urged that we have misapprehended the position of appellee, and that no attempt was made to preclude appellants from their damages or to take land except by due process of law. We have carefully re-examined the record and positions of the respective parties, and are of the opinion that the questions at issue were correctly disposed of, and that the judgment of the county court should be reversed and the cause remanded.

*Reversed and remanded.*