(No. 16840.—Reversed and remanded.)
THE PEOPLE *ex rel.* May E. Hart, Appellant, *vs.* THE VIL-
LAGE OF LOMBARD, Appellee.

*Opinion filed October 28, 1925—Rehearing denied December 4, 1925.*

1. MUNICIPAL CORPORATIONS—*what is sufficient to show signers of petition were property owners.* Although the record titles as to certain pieces of property involved in an annexation proceeding are shown to be in persons not signing the petition, they are sufficient to show that the signers of the petition were the owners of the property, where the proof shows the death of the record owner or a transfer by unrecorded deed and that the heirs or grantees in such cases have signed the petition.

2. SAME—*when trustee must sign petition for annexation.* Although property is conveyed by deed of trust for the benefit of certain named beneficiaries, without whose consent the trustee cannot sell or incumber the property, the trustee must be considered as an owner of the property within the meaning of the statute providing for annexation of territory to a village.

3. WORDS AND PHRASES—*who are "property owners."* Where the term "property owner" is used without restriction it includes both general and special owners.

4. SAME—*meaning of the word "owner."* The word "owner," as applied to real property, means one who has the use, control or occupation of the land with claim of ownership, whether his interest be an absolute fee or a less estate.

APPEAL from the Circuit Court of DuPage county; the Hon. JOHN K. NEWHALL, Judge, presiding.

RALPH L. PECK, for appellant.

CHARLES S. WILLISTON, and LEONARD C. MEAD, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of DuPage county, on the relation of May E. Hart, filed a petition for leave to file an information in *quo warranto* challenging the annexation of certain territory to the village of Lombard, in that county.

Leave to file the information was granted and the same was filed. It charges that the election held on the question of annexing such territory was invalid, in that the petition for such election was not signed by a majority of the property owners of the district sought to be annexed. On a hearing the court dismissed the information.

The sole contention here is whether or not the petition for this election was signed by a majority of the property owners of the district. There is no question but that a majority of the legal voters signed the petition. Appellee's testimony tends to show that there are twenty-five property owners in the territory purported to be annexed, thirteen of whom signed the petition. It is contended by appellant that if there are twenty-five property owners, fifteen did not sign. While the record title as to certain pieces of property is shown to be in persons not signing the petition, yet the proof in the record shows as to such property either the death of the record owner or transfer by unrecorded deed, and that such heirs or grantees have signed the petition.

The principal controversy as to the ownership of the property involved relates to that described as lots 1 to 14 of Garfield Terrace subdivision. The record shows that this land was conveyed by deed and agreement of trust to the Chicago Title and Trust Company for the benefit of O. J. Roath, Martin Meyer and F. D. Schook. This deed of trust was made by Meyer, one of the beneficiaries. It contains the usual provisions of deeds of trust of this character, and the agreement declares the estate, legal and equitable, to be in the Chicago Title and Trust Company and that the beneficial interest therein shall be considered as personal property. Full powers are granted to the trustee to deal with the property as one owning the same could do. It contains a provision that in case of the death of the beneficiaries their interests pass as personal property to their representatives and not to their heirs. The agreement provided, also, that the beneficiaries should have the manage-

ment and control of the property and that the same was held for the ultimate use and benefit of the beneficiaries, and it was agreed that the trustee should not sell, incumber or dispose of the trust estate without the direction of two of the three beneficiaries. The beneficiaries agreed to pay the taxes and were to receive all rents and income. All three beneficiaries under this trust agreement signed the petition for annexation.

Appellant contends that the trust company owns this property to the exclusion of Roath, Meyer and Schook, that therefore these beneficiaries should not be considered as property owners, and that therefore there were but ten signatures to the petition; and that if this is not so, at least the trust company must be considered an owner, which would make a total of twenty-six owners, and since, as appellee concedes, the petition was signed by but thirteen property owners, including Roath, Meyer and Schook, the petition was not signed by a majority of the property owners. Appellee contends that the trust company was but a trustee, and therefore it was unnecessary that it should sign; that there were but twenty-five property owners, counting Roath, Meyer and Schook, and that thirteen of them signed the petition. The question to consider, therefore, is whether or not the Chicago Title and Trust Company is a property owner in the sense in which that term is used under the statute in question here.

Section 1 of the act providing for annexing and excluding territory to and from cities, etc., approved April 10, 1872, in force July 1, 1872, provides: "On petition, in writing, signed by a majority of the legal voters, and by a majority of the property owners in any territory contiguous to any city or incorporated village or town, and not embraced within its limits, the city council or board of trustees of said village, city or town (as the case may be) shall submit to a vote of the people of said city, village or town (as the case may be) at its next regular election, * * *

the question of the annexation of such proposed terri-
tory," etc. (Smith's Stat. 1923, p. 275.)

When the term "property owner" is used without restric-
tion it includes both general and special owners. (*Hartford
v. Brady,* 114 Mass. 466; *Hull* v. *Sangamon River Drain-
age District,* 219 Ill. 454; *Coombs* v. *People,* 198 id. 586;
*Chiesa* v. *DesMoines,* 158 Iowa, 343.) The word "owner"
has been defined to include one who has the use, control
or occupation of the land with claim of ownership, whether
his interest be an absolute fee or a less estate. (*Fort Dear-
born Lodge* v. *Klein,* 115 Ill. 177; *Huston* v. *Tribbetts,*
171 id. 547; *Arms* v. *Ayer,* 192 id. 601; *People* v. *Barnes,*
193 id. 620; *Coombs* v. *People, supra.*) In *Springer* v.
*Kroeschell,* 161 Ill. 358, certain contractors had entered into
a contract for the construction of a building with the trus-
tee, who held the legal title to the land on which it was to
be built, and others entered into certain contracts for work
on the building with the *cestui que trust.* In determining
who were the owners, it was held that the word "owner,"
as applied in the Lien law, includes the owner in equity as
well as at law, and that the trustee was to be considered
an owner as well as the *cestui que trust.* In this case, while
the trust company could not, under the trust agreement,
transfer or incumber the land without the consent of the
beneficiaries, it, and not they, had power, when authorized,
to convey or incumber the land. It is evident, therefore,
that the interest of the trustee in this property is of such
a character that the trustee must be considered an owner
of the land for the purposes of this act. The trust com-
pany did not sign the petition. Without its signature the
petition was insufficient, whether Roath, Meyer and Schook
be considered owners or not. If they be so considered
there were twenty-six property owners, of whom but thir-
teen signed the petition. If they are not property owners
and entitled to sign the petition there were but twenty-three
owners, of whom but ten signed. It therefore becomes un-

necessary to decide whether Roath, Meyer and Schook are to be considered as owners. Whether they be so considered or not, the petition was insufficient. The circuit court therefore erred in not quashing the record and awarding the writ of *quo warranto.*

The judgment is reversed and the cause remanded, with directions to the circuit court to enter judgment of ouster.

*Reversed and remanded, with directions.*