LEONARD MASON, Petitioner-Appellant, *v.* EDWARD ROSEWELL, Cook County Treasurer, Respondent-Appellee.

First District (4th Division)    No. 81-2003

Opinion filed July 15, 1982.

Lupel and Amari, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jayne Clark Casey and Carolyn Clift, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

The primary issue in this case is whether a contract purchaser is an owner under section 247a of the Revenue Act of 1939. (Ill. Rev. Stat. 1979, ch. 120, par. 728a.) After the property in question was sold at a tax sale, plaintiff, Leonard Mason, failed to redeem within the stipulated time. Thereafter he filed an action against Rosewell as trustee of the Indemnity Fund (Fund) for indemnification under section 247a which provides for indemnification of any owner who without fault or negligence sustains loss or damage by reason of the issuance of a tax deed. The trial court held that a contract purchaser is not an owner and dismissed the complaint. We reverse, holding that a contract purchaser may be an owner. We further hold that the mere fact Mason alleged he hired another person, Bill Randle, to recover the property, that Randle did not do so and that as a direct and proximate result of Randle's conduct a tax deed was issued does not, as a matter of law, bar Mason's recovery.

The procedural facts are somewhat unusual. Mason filed his complaint seeking indemnification on June 11, 1980. The Fund thereafter filed both an answer and a third-party complaint against the allegedly erring agent, Randle. (However, Randle has never been successfully served despite several attempts.) Subsequently both Mason and the Fund filed motions for summary judgment with affidavits attached. Both motions were denied, the trial court correctly concluding there were questions of material fact. The Fund then filed a section 45 motion (Ill. Rev. Stat. 1979, ch. 110, par. 45) to dismiss. (Mason apparently waived any procedural irregularity.) The Fund alleged in its section 45 motion that: (1) Mason at best had only the rights of a contract purchaser and was not an owner under the statute; (2) the fault of the agent was imputable to Mason, his principal; Mason was liable for his agent's mistakes and therefore could not allege or prove that he was without fault or negligence.

As already noted the trial court did not rule on the second issue but dismissed solely on the basis that a contract purchaser is not an owner.

I

A section 45 motion to dismiss merely addresses the issue whether the complaint, liberally construed, can be considered to state a cause of action. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.) The court must consider solely the allegations set forth in the complaint; it cannot consider any affidavits, depositions or exhibits when considering a section 45 motion to dismiss a complaint for failure to state a cause of action. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.) Likewise, well-pleaded facts are considered admitted as true. (*Shugan v. Colonial View Manor* (1982), 107 Ill. App. 3d 458, 437 N.E.2d 731.) The fact that in this case

defendant filed an answer is irrelevant for purposes of the motion to dismiss.

In his complaint Mason alleged that prior to 1971 the record title holder of the property was Oak Park National Bank. The bank on May 19, 1971, entered into articles of agreement for deed with certain contract purchasers; this contract was recorded. The contract purchasers in turn on June 17, 1974, executed quitclaim deeds transferring their interest in the property to Mason. These deeds were also recorded. On January 26, 1977, Thornton, Ltd., purchased the property at a tax deed sale. The period of redemption was to expire on January 26, 1979. Mason was notified of the sale but was unable to thoroughly understand the nature of the proceedings and the actions reasonably expected of him. Accordingly, Mason retained Randle to effect a redemption. He paid Randle $8,000 as and for the costs of redemption and any fees which might be due. He was further prepared to pay the 1977 and 1978 annual real estate taxes as necessary. Mason was at all times financially able to complete the necessary redemption. Randle entered into an agreement with Thornton to purchase the certificate of purchase for $6,000 and paid $4,800 as an earnest money deposit. However Randle, without the knowledge, negligence or fault of the petitioner, failed to complete the transaction. As a direct and proximate result of Randle's conduct a tax deed was issued to Thornton on March 9, 1979.

Section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 728a) reads in part as follows:

"(4) Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970, who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate * * * has the right to indemnity for the loss or damage sustained. Indemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgages or liens thereon.

(5) Any person claiming indemnity hereunder shall petition the Court which ordered the tax deed to issue, shall name the County Treasurer, as Trustee of the indemnity fund created hereby, as defendant to the petition and shall pray that judgment be entered against the County Treasurer, as Trustee, in the amount of the indemnity sought. * * * The Court shall liberally construe this Section to provide compensation wherever in the discretion of the Court the equities warrant such action. The County Treasurer, as Trustee of such indemnity fund, shall be subrogated to all parties in whose favor judgment may be rendered against him, and by

third party complaint may bring in as a defendant a person not a party to the action who is or may be liable to him, as subrogee, for all or part of the petitioner's claim against him."

The word "owner" is a broad, flexible word, applying not only to legal title holders but to others having control or enjoyment of the property. The Illinois Supreme Court recently stated in *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 489, 389 N.E.2d 540, 544:

"The term 'owner,' as applied to land, has no fixed meaning applicable under all circumstances and as to any and every enactment. (See Keesling, *Conflicting Conceptions of Ownership in Taxation*, 44 Cal. L. Rev. 866 (1956).) It usually denotes a fee simple estate, but in Illinois it may include 'one who has the usufruct, control or occupation of land with a claim of ownership,' whether his interest be an absolute fee or a less estate.' (*Coombs v. People* (1902), 198 Ill. 586, 588.) Title to property does not necessarily involve ownership of the property. Title refers only to a legal relationship to the land, while ownership is comparable to control and denotes an interest in the real estate other than that of holding title thereto. Restatement (Second) of Trusts sec. 2, comment *d*, and sec. 10, comment *a* (1959).

The key elements of ownership are control and the right to enjoy the benefits of the property."

And see *People ex rel. Hart v. Village of Lombard* (1925), 319 Ill. 56, 149 N.E. 584.

. Since a contract purchaser under a recorded contract or deed generally enjoys the control or occupation of the land with a claim of ownership, he may be an owner under Illinois law. As the Illinois Supreme Court stated in *Chapman v. County of Will* (1973), 55 Ill. 2d 524, 531-32, 304 N.E.2d 287, 291:

"In *People ex rel. Hart v. Village of Lombard*, 319 Ill. 56, 59, the court stated, 'The word "owner" has been defined to include one who has the use, control or occupation of the land with claim of ownership, whether his interest be an absolute fee or a less estate.' [Citation.] We are of the opinion that the statute itself must be examined to determine the meaning of the term 'owners' based upon the context in which it is used.

In *Bredberg v. City of Wheaton*, 24 Ill. 2d 612, the court concluded that a statute, comparable to section 5, was designed to afford a right of protest to qualified persons who would be most affected by a zoning change. Contract purchasers of land that is directly across a roadway, an alley or adjoins the property sought to be rezoned will ultimately be no less affected if they fulfill the terms of their contracts than those who may have a fee estate yet

finance their purchase by a conventional mortgage. Moreover, cognizance has been given to the significant property interest which contract purchasers acquire. (*Rosewood Corporation v. Fisher*, 46 Ill. 2d 249, 257.) Therefore we hold that contract purchasers, who otherwise meet the qualifications set forth in section 5, may be considered 'owners' for the purpose of objection to an alteration of a zoning classification."

And contract purchasers or vendees under contracts of sale have been recognized as owners in other States as well. See, for example, *Roberts v. Osburn* (1979), 3 Kan. App. 2d 90, 589 P.2d 985; *Committee of Protesting Citizens v. Val Vue Sewer District* (1976), 14 Wash. App. 838, 545 P.2d 42; *MacPherson v. City of Asheville* (1973), 283 N.C. 299, 196 S.E.2d 200; *Scheer v. Weis* (1961), 13 Wis. 2d 408, 108 N.W.2d 523; *State ex rel. Blee v. City of Rochester* (1961), 260 Minn. 151, 109 N.W.2d 44.

■■ The Fund contends that the term "owner" should be strictly construed here to retain the integrity of the collection of real estate taxes, since the indemnity provision does not encourage the payment of taxes, and that under such strict construction a contract purchaser would not be the owner. But this argument ignores both the express provision of the statute that it be liberally construed and the law of Illinois as established in *People ex rel. Hart v. Village of Lombard* (1925), 319 Ill. 56, 149 N.E. 584, and other cases cited therein, that where the term "owner" is used without restriction it includes one who has the use, control or occupation of land with claim of ownership, whether his interest be in absolute fee or a lesser estate. The term is used without restriction here. The legislature must be presumed to have known the law of Illinois when it enacted the statute. (*Mier v. Staley* (1975), 28 Ill. App. 3d 373, 329 N.E.2d 1, *appeal denied* (1975), 60 Ill. 2d 597; *Nardi v. Segal* (1967), 90 Ill. App. 2d 432, 234 N.E.2d 805.) Thus absent any limitation on the word "owner" and in light of the requirement in the statute that it be liberally construed, the word "owner" must be given the broad construction dictated by *Lombard, Chapman* and *Chicago Title*. It follows that a contract purchaser, or his assignee, who has control or occupation of the land, and the right to enjoy the benefits of the property with a claim of ownership, is an owner under section 247a of the Revenue Act of 1939.

● 2 Citing certain statements made in the affidavits, the Fund also contends on appeal that Mason was not a contract purchaser because the original contract purchaser did not obtain prior written direction from those empowered to direct the trustee. But as this court has already pointed out, the affidavits should not be considered by a court when ruling on a section 45 motion to dismiss. Accordingly, we do not rule on the question whether Mason would still be an owner if his interest was somewhat less than that of a contract purchaser. Nor do we determine

whether in any event the trustee or the beneficial owners would be estopped from relying on this fact by their acceptance of payments from Mason.

Finally, the Fund argues in its brief that the complaint must be dismissed because Mason has failed to prove ownership. As this court has repeatedly stated, a plaintiff is not required in his complaint to *prove* anything. (*Shugan v. Colonial View Manor* (1982), 107 Ill. App. 3d 458, 437 N.E.2d 731.) Mason has alleged facts sufficient to show, *if proven*, a claim of ownership qualifying for indemnification.

## II

The Fund also contends the complaint reveals that as a matter of law Mason cannot recover because the loss, as Mason alleged, was due to Randle's conduct. Below the Fund contended that "the petitioner engaged in conduct which materially contributed to the problem by retaining * * * Randle." This, however, is not the test of the statute, since the act materially contributing to the problem must be with "fault or negligence."

■■ On appeal, the Fund contends that since Randle was Mason's agent, any negligence of Randle must be imputed to Mason and therefore Mason cannot, as a matter of law, be "without fault or negligence" and the complaint must be dismissed even though Mason in his complaint alleged Randle's acts were "without the knowledge, negligence, or fault of the petitioner." It may be that at trial the Fund may be able to show that Randle was negligent, that his conduct was within the scope of his employment and imputable to Mason and that the conduct is sufficient to bar Mason's recovery. But this is not a matter that can be determined on a motion to dismiss. Furthermore, in absence of any evidence as to the precise relationship between Randle and Mason, and the nature of Randle's breach of duty to Mason, it would be premature to decide whether, even if Randle's acts are imputable to Mason, he can be said to be "without fault or negligence." To recover under the statute the petitioner need not be totally blameless but need only not have purposefully failed in a duty or engaged in conduct that materially contributed to the problem complained of, and each case must be decided on its own facts. *Garcia v. Rosewell* (1976), 43 Ill. App. 3d 512, 357 N.E.2d 559.

For the foregoing reasons the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JIGANTI and LINN, JJ., concur.