## M. R. BARKER v. W. E. CRITZER.

SPECIFIC PERFORMANCE; *Action, Not Maintained.* On June 26, 1884, A. N. Hanna deposited $50 with the First National Bank of Emporia, Kansas, and received the following instrument in writing, to wit:

"FIRST NATIONAL BANK OF EMPORIA, KANSAS.—Deposited for account of A. N. Hanna, 6—26, 1884, currency $50, being deposit to apply upon purchase of north half of northwest quarter 34—20—9, Chase county. If Critzer furnishes good and sufficient warranty deed in thirty days, said Hanna is to pay the remaining three hundred and fifty dollars inside thirty days from this date. If Hanna does not so pay, then this money to be forfeited to Critzer. If Critzer does not furnish said deed in thirty days, then this fifty dollars returned.—A. N. HANNA. *Dup.*                                                    CROSS.

Title to be passed upon by J. J. Buck, at Hanna's expense. *Dup.*                                                    CROSS."

Hanna was the agent of M. R. Barker, and Cross was the agent of W. E. Critzer. Critzer owned ten-fourteenths of the above-described land, and the other four-fourteenths belonged to minor heirs, which four-fourteenths Critzer expected to purchase from the guardian of the minor heirs by virtue of proceedings in the probate court; and afterward he did so purchase the same; but he never executed any deed for the property to either Hanna or to Barker, and the fifty dollars have never been returned to Hanna or to Barker. *Held,* That Barker cannot maintain an action to compel Critzer to convey the property to him.

### *Error from Chase District Court.*

ACTION by *Barker* against *Critzer,* to compel the specific performance of a certain contract. At the April Term, 1885, the court sustained defendant's demurrer to plaintiff's petition, and rendered judgment against him for costs. The plaintiff brings the case here. The opinion states the facts.

*Ed. S. Waterbury,* for plaintiff in error.

*C. N. Sterry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by M. R. Barker in the district court of Chase county, against W. E. Critzer, to compel the specific performance of an alleged contract for the sale and conveyance of certain real estate. The de-

fendant demurred to the plaintiff's petition, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court below. The plaintiff brings the case to this court.

It is alleged in the plaintiff's petition in the court below, that on May 2, 1884, and afterward, the defendant was the owner of the undivided ten-fourteenths of the land in question, and that the other four-fourteenths belonged to two minor heirs; that the plaintiff, through his agent, A. N. Hanna, purchased from the defendant and his agent, Charles S. Cross, the land in question, and that the contract of purchase and sale is embodied in the following exhibits, to wit:

EXHIBIT A.

OFFICE OF ST. LOUIS & EMPORIA RAILROAD COMPANY.
(General Offices, Emporia, Kansas.)

H. C. CROSS, *President.*                W. E. CRITZER, *Chief Engineer.*

PLEASANTON, KANSAS, 5—2, 1884.

*A. N. Hanna, Emporia, Kansas*—DEAR SIR: I have not had time to see you, and will not have time to go to look at the place; so I will say that if you will give me four hundred dollars in cash, I will give you a clear title to the land.

Respectfully,          W. E. CRITZER.

EXHIBIT B.

OFFICE OF ST. LOUIS & EMPORIA RAILROAD COMPANY.
(General Offices, Emporia, Kansas.)

H. C. CROSS, *President.*                W. E. CRITZER, *Chief Engineer.*

PLEASANTON, KANSAS, 6—17, 1884.

*A. N. Hanna, Emporia, Kansas*—DEAR SIR: Yours of the thirteenth at hand, and in reply will say: I am ten-fourteenths owner of said heirs' interest, and will get heirs' interest through probate court at once; providing you make deposit of one hundred dollars to guarantee the expense of probating, subject to receiving a clear title to the land. I do my business at Emporia, with the First National Bank, who will attend to the matter for me without expense to me. I will make deed to my interest and send to First National at once, providing you accept in this way, as I do not want to put any more money in it for the heirs. I have paid for what interest I have in it at the rate of four hundred dollars for the eighty.

Let me hear from you at once, so I can answer any other parties who wish to buy.          Respectfully,

W. E. CRITZER.

EXHIBIT C.

First National Bank of Emporia, Kansas.—Deposited for account of A. N. Hanna, 6—26, 1884, currency $50, being deposit to apply upon purchose of north half northwest quarter 34—20—9, Chase county. If Critzer furnishes good and sufficient warranty deed in thirty days, said Hanna is to pay the remaining three hundred and fifty dollars inside thirty days from this date. If Hanna does not so pay, then this money to be forfeited to Critzer. If Critzer does not furnish said deed in thirty days, then this fifty dollars returned.—
A. N. Hanna.

*Dup.*                                                    Cross.

Title to be passed upon by J. J. Buck, at Hanna's expense.
*Dup.*                                                    Cross.

EXHIBIT D.

Office of St. Louis & Emporia Railroad Company.
(General Offices, Emporia, Kansas.)

H. C. Cross, *President.*            W. E. Critzer, *Chief Engineer.*

Lawrence, Kansas, 7—6, 1884.

*A. N. Hanna, Emporia, Kansas*—Dear Sir: Have just yesterday got the probate court to work on land. It appointed guardian, and will now take say until the twentieth to get everything clear and deed to you.

Hope the delay will not cause you any inconvenience, but I could not get it done sooner.            Respectfully,
W. E. Critzer.

It is alleged in the plaintiff's petition that the Cross who signed exhibit C is Charles S. Cross, cashier of the First National Bank of Emporia, Kansas, and that he so signed the same as the agent of the defendant, Critzer, and that the fifty dollars paid to Cross, or rather deposited in the First National Bank of Emporia, Kansas, has never been returned to Hanna or to the plaintiff. It is also alleged in the plaintiff's petition that after the letter designated as "Exhibit B" was written, such proceedings were had in the probate court that the four-fourteenths' interest in the real estate in question, which belonged to the minor heirs aforesaid, was sold, and that the guardian of such minor heirs executed a deed for such interest to the defendant, Critzer; that the defendant, Critzer, has never executed any deed for the land in question to either Hanna or to the plaintiff, and refuses to do so, and

the object of this present action is to compel him to execute such a deed to the plaintiff.

Can he be compelled to do so? The propositions contained in exhibits A and B were never accepted by the plaintiff or by Hanna, and therefore they need not be considered in the case further than as explanatory of what followed, and if any contract was entered into between the parties it must be found embodied in the transaction had between A. N. Hanna and Charles S. Cross, as shown by exhibit C. The defendant, Critzer, claims that this does not show any contract between himself and the plaintiff, Barker, and that even if it does, still that it shows only a contract of a purely optional character. The defendant claims that all the parties knew that he did not own the entire interest in the real estate in question, and that the obtaining of the four-fourteenths outstanding interest was at least problematical; and the parties knowing this, it was not intended that they should bind themselves absolutely or conclusively, but great latitude was given; and as to Critzer, the contract was made entirely optional. Critzer might never be able to get this four-fourteenths outstanding interest. The probate court, for instance, might not consider it to the interest of the minor heirs to have the same sold; and if it was sold, then Critzer would stand only an equal chance to purchase it with all others who might wish to purchase it. And further, the sale might not take place in time to enable Critzer to procure title and transfer the same to Hanna or the plaintiff within thirty days; and the contract was that if the transaction was not closed up within thirty days there should be no transfer of title. If Hanna failed to perform in thirty days, he forfeited the fifty dollars, and the contract was at an end; or if Critzer failed to perform within thirty days by failing to tender a deed within that time, then the contract was at an end without any forfeiture and the fifty dollars were to be returned to Hanna.

The contract itself contemplated that the deed might not be furnished within the thirty days, and provided that if it should not be so furnished then that the fifty dollars depos-

ted by Hanna in the First National Bank should be returned to him. The deed was not so furnished, and evidently Hanna's remedy, or the plaintiff's remedy if the plaintiff stands in the place of Hanna, is to sue for fifty dollars and not to bring an action in the nature of specific performance to compel the conveyance of the real estate in question. Probably, however, there will be no necessity to sue for the fifty dollars, as the bank, or Cross, or the defendant, will in all probability pay it whenever the plaintiff is ready to receive it. Optional and unilateral contracts will be found discussed in chapter 6 of Waterman on the Specific Performance of Contracts; and especially see §§ 196 and 200. We think the contract in the present case was optional, at least so far as Critzer is concerned, and therefore that the plaintiff's present action cannot be maintained.

The judgment of the court below will be affirmed.

All the Justices concurring.