Cheshire,
April 6, 1909.

## NEW ENGLAND BOX CO. *v.* PRENTISS & a.

A contract by lumber operators for the delivery of the pine planks on a certain lot at the market price when sawed does not constitute a sale of the product, but is an option for its purchase, which may be accepted by the holder thereof at any time before its expiration and which, in the absence of a specific agreement, does not expire until after the lapse of a reasonable time for its acceptance.

Where an option for the purchase of lumber is unlimited in point of time, it is essential that a holder thereof who seeks to enforce specific performance of the contract should allege his acceptance of the option within a reasonable time.

Equity will not decree specific performance of a contract for the delivery of merchandise if the agreement as to price is so indefinite as to be incapable of ascertainment, nor when the plaintiff may supply his wants by purchasing in the open market and have an adequate remedy in an action at law for breach of the contract.

BILL IN EQUITY, praying for the specific performance of a contract whereby the defendants agreed " to contract the pine planks on the Richardson lot in Westmoreland, at the market price when sawed, to said Box Company." The bill alleges, among other things, that the pine on the Richardson lot was to be sawed into planks two and one eighth inches thick, such planks being the only material which the plaintiffs can use in their business; that it is necessary for them to carry a large amount of it in stock, and that they made the contract when and as they did to keep their stock good; that the defendants have refused to sell the planks for less than $20 a thousand, which is in excess of the market price; and that the plaintiffs are ready and willing to pay the defendants the market price for the planks upon delivery to them. The defendants' demurrer was overruled, and they excepted. Transferred from the October term, 1908, of the superior court by *Stone*, J.

*Cain & Benton*, for the plaintiffs.

*John E. Allen*, for the defendants.

BINGHAM, J. In the decision of the questions raised by the demurrer to the bill it is necessary to ascertain the nature of the contract upon which the plaintiffs rely. It appears that in March,

1907, the plaintiffs and the defendants entered into a contract in writing for the purchase and sale of " all the merchantable two-and-one-eighth-inch white-pine plank on the Fairbanks lots situated in Rockingham, Vt.," and that in consideration of the above contract the defendants agreed to contract the pine planks on the Richardson lot in Westmoreland, at the market price when sawed, to the plaintiffs. It is the latter contract upon which the plaintiffs rely to maintain this proceeding. That it is not a contract for the purchase and sale of the timber on the Richardson lot, but a contract based upon a consideration, whereby the plaintiffs obtained an option to purchase the same, cannot be doubted. Being based upon a consideration, the option could not be revoked by the defendants while it remained open, and could be accepted by the plaintiffs by notifying the defendants to that effect at any time before it expired. *Litz* v. *Goosling*, 93 Ky. 185,—21 L. R. A. 129, note; 21 Am. & Eng. Enc. Law 924–926. The contract does not in terms fix the time within which the option shall expire; and this being the case, it is to be presumed that the parties intended it should not expire until after the lapse of a reasonable time. *Ewins* v. *Gordon*, 49 N. H. 444, 460; *Fitzpatrick* v. *Woodruff*, 96 N. Y. 561, 565; *Larmon* v. *Jordan*, 56 Ill. 204; *Stone* v. *Harmon*, 31 Minn. 512; 21 Am. & Eng. Enc. Law 933. An acceptance within a reasonable time was necessary to ripen the option into a contract of purchase. It was therefore essential to the maintenance of the plaintiffs' bill that they should have alleged that they had accepted the option and within a reasonable time. *Barker* v. *Critzer*, 35 Kan. 459.

Although these facts are not directly alleged in the bill, if it can be inferred from what is alleged and the filing of the bill that the plaintiffs accepted the option so that it became a contract for the purchase and sale of the timber on the Richardson lot when made into planks two and one eighth inches thick, there are nevertheless reasons why the plaintiffs should not be granted the relief prayed for. Specific performance of a contract is not granted when its meaning is so uncertain that it cannot be ascertained what the parties agreed to, nor where the remedy at law is adequate. In the contract here in question, the price fixed for the planks was the market price. If planks sawed two and one eighth inches thick have a market price, it would seem that their sale in the market must be of such common occurrence as to establish their market price. If this is true, then the terms of the contract, so far at least as the question of price is concerned, would be sufficiently definite; but even then there would be no occasion for granting specific performance of the contract, for the plaintiffs could supply their wants in the market, and their remedy at law

for damages would be adquate. But the plaintiffs allege in their bill "that planks of such dimensions [two and one eighth inches thick] cannot be procured in the market," but must be "specially contracted for . . . in advance." If this is the case, then it would seem that pine planks of the above dimension have no market price, and that the contract is so indefinite as to price that equity should not grant the relief asked.

There is also a further reason why the plaintiffs are not entitled to the relief prayed for. It seems that the real controversy is as to the market price for two-and-one-eighth-inch planks; that the defendants claim it is $20 a thousand, and that they are willing the plaintiffs should have the planks on the Richardson lot at that price. If this is the situation, the plaintiffs can supply their wants as effectually by taking the planks at the price named as they could by being granted specific performance of the contract; and whatever loss they sustain by so doing can be recovered in an action at law. .

*Exception sustained.*

PARSONS, C. J., and WALKER and PEASLEE, JJ., concurred: YOUNG, J., concurred in the result.