No. 37,428

GLEN HOLLINGSWORTH, CARRIE M. PARKER, ELSIE HOLLINGSWORTH and OPAL B. RIGHTLY, *Appellees*, v. AARON SELL, *Appellant*.

(207 P. 2d 406)

Opinion filed June 11, 1949.

*Hubert B. Sanders,* of Stafford, argued the cause, and *R. C. Russell* and *Isabel Obee,* both of Great Bend, were with him on the briefs for the appellant.

*C. E. Vance,* of Garden City, argued the cause, and *William Easton Hutchison, Clifford R. Hope, A. M. Fleming* and *Bert J. Vance,* all of Garden City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Plaintiffs institute an action in ejectment in order to obtain possession of an eighty-acre tract of land in Wichita county. A second cause of action in damages for unlawful detention was dismissed and requires no further consideration. The defendant filed an answer and cross petition in which he sought to obtain a decree for the specific performance of an alleged contract to purchase the land. Judgment was for plaintiffs and the defendant appeals.

At the outset we are confronted with the contention of appellees the appeal was not perfected in time and should be dismissed. Although we might be justified in dismissing the appeal we prefer to dispose of the case on its merits.

Appellees are four adult children of Christina M. Hollingsworth. Appellant, Aaron Sell, is a landowner and real estate broker in Wichita county. Neither appellees nor their mother resided in Wichita county.

As ground for specific performance of the alleged contract appellant relies upon a long course of correspondence, letters and telegrams, to establish his contract for the purchase of the land from Christina M. Hollingsworth and appellees. These communications, thirty-two in number, were identified by the appellant, bound together and by stipulation introduced in evidence as one exhibit.

The communications covered a period beginning December 5, 1945, and ending May 28, 1946. The communications were started by appellant with the mother, an old lady, who did not own the entire fee title, but apparently thought she did. Touching the title it was stipulated:

"It is hereby stipulated by and between the attorneys for the plaintiff and defendant in open court that for more than twenty years prior to the 18th day of November, 1946, the title to this land, being the West half of the Southeast Quarter of Section 20, Township 16, Range 35, in Wichita County, was vested seven-eights in Christina M. Hollingsworth and the remaining one-eighth in the plaintiffs in this action, and that on said 18th day of November, 1946, the said Christina M. Hollingsworth conveyed her seven-eighths interest in this land to the plaintiff Opal B. Rightly. This instrument was recorded, the deed from Mrs. Hollingsworth to Mrs. Rightly was filed on the 29th day of November, 1946, and recorded in the register of deeds office of Wichita County, Kansas, on Book 37 at page 159."

This action was instituted March 19, 1947, after the negotiations had failed. While the negotiations were pending appellant on his own initiative entered into possession of the land.

Appellant began the negotiations with the mother in the apparent belief she was the fee title owner of the land. The discrepancy in title was discovered only after an abstract of title had been obtained and examined. When appellant began the negotiations with the mother it appeared he desired only to obtain the agency for the sale of the land. He owned property in Wichita county where the land was located and, as previously stated, was also a real estate

broker. Later it developed that although he notified the mother he had sold the land at the stated price he was, in fact, the alleged purchaser. A down payment of $300 had been made to the mother with the understanding the remainder of the purchase price, $1,700, would be paid when the deal was consummated. When the negotiations later failed the mother tendered a return of the $300 which appellant rejected. In denying specific performance the trial court ordered the return of the down payment to appellant.

At the time appellees, the children, learned of the proposed deal some of them were strongly opposed to the sale of the land. They desired to retain it on the theory there might be a possibility of discovering oil and for the reason the price was entirely too low. At the same time they appeared anxious the mother should not fail to keep her agreement, if any, for the sale of her interest. It therefore appears at one time in the course of the lengthy negotiations appellees may have decided to join the mother in the sale of their own interests. It is, however, doubtful the evidence on that point was of a character that compelled the court to conclude a binding contract had been entered into between the mother, all appellees and the appellant.

In any event if appellees did enter into such an agreement the evidence fails to disclose the terms of that agreement were accepted or acted upon by appellant. He failed to comply therewith. Furthermore there was subsequently an offer to sell the separate interest of the mother at the original price offered by appellant. He did not accept that offer. He made no counter proposal to purchase the separate interest of the mother at an abated price.

It will serve no useful purpose to set forth the thirty-two communications introduced in evidence. They have all been examined. In view of the entire record we think we would not be justified in concluding the evidence was of a character and sufficient to compel the court to decree specific performance. Of course, if the mother made a contract for the sale of an interest in the land she did not have she could nevertheless bind herself personally by an agreement to convey it, if not objectionable as relating to a homestead or otherwise illegal, so as to render herself liable in damages for breach of contract. (*Hampe v. Sage*, 87 Kan. 536, 541-543, 125 Pac. 53; *McAdam v. Leak*, 111 Kan. 704, 707, 208 Pac. 569.) This, however, is not a damage action but one for specific performance.

Insofar as the cross petition is concerned appellant was a plaintiff seeking specific performance of the alleged contract for the purchase of the entire fee title. Appellant leans heavily on the McAdam case, *supra*. It does not support his position. It was there said:

"The defendant also urges that under the allegations of the petition she had no authority to bind her husband, who owned a half interest in the land and was not a party to the action. This would prevent a decree for specific performance unless the plaintiff were willing to accept a deed conveying the defendant's interest alone, with an abatement in the price. (*Williams v. Wessels*, 94 Kan. 71, 145 Pac. 856.)" (p. 707.)

As previously indicated appellant refused to purchase the mother's interest at the original sale price. The record discloses no offer by appellant to take the mother's separate interest at an abated price.

We find nothing in the other decisions cited which compels a reversal of the trial court's judgment. It is affirmed.