LESLIE R. WETMORE *et al.* Defendants in Error, *vs.* MARK WATSON, Plaintiff in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. SPECIFIC PERFORMANCE—*a contract to convey land must describe the land so that it may be located.* A contract to convey real estate will not be specifically enforced unless it describes the land with sufficient certainty to enable it to be located.

2. SAME—*when contract does not sufficiently describe the land.* A contract whereby the first party agrees, upon condition that he shall inherit, by will, the "lands or real estate now owned" by a certain person, to deed to the second party "one hundred (100) acres of said land or real estate situated in Fayette county, Illinois," does not sufficiently describe the land, where there are six hundred acres of land in such county which are owned by the person referred to.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. A. M. ROSE, Judge, presiding.

NOLEMAN & SMITH, and ARTHUR ROE, for plaintiff in error.

BROWN & BURNSIDE, G. T. TURNER, and JOHN A. BINGHAM, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendants in error Leslie R. Wetmore and DeLaskie Wetmore filed their bill in the circuit court of Fayette county for the partition of real estate owned by Mary W.

Lee, deceased. To this bill Mark Watson, the plaintiff in error, and the defendants in error Ewald Vick and the St. Louis Union Trust Company, as executors and trustees under the last will and testament of Moses C. Wetmore, deceased, the remaining heirs-at-law of Mary W. Lee and the legatees and devisees of said Moses C. Wetmore, were made parties defendant. Plaintiff in error answered the bill and filed a cross-bill. To this cross-bill the complainants in the original bill and the defendants Justin J. Wetmore and the executors of the last will of Moses C. Wetmore filed demurrers. The demurrers were sustained and the cross-bill was dismissed for want of equity. From that decree this appeal has been prosecuted.

By the original bill it was alleged that at the time of her death, on March 17, 1910, Mary W. Lee was the owner of six hundred acres of land in Fayette county; that she died testate and by her will devised all her property, both real and personal, in trust to Moses C. Wetmore, with directions to make such distribution of the same among her heirs-at-law, and in such proportions, as in his discretion he should deem each of them worthy. It was then alleged that Mrs. Lee left surviving her as her only heirs-at-law, Orvilla A. Lee, her sister, and Moses C. Wetmore, Justin J. Wetmore, Leslie R. Wetmore and DeLaskie Wetmore, her nephews; that Moses C. Wetmore died testate on November 26, 1910, without having made any distribution of the property of Mary W. Lee under her will, except an advancement of $997 to Orvilla A. Lee and $500 to Justin J. Wetmore. The bill prayed for a division and partition of the lands therein described among the surviving heirs-at-law of Mary W. Lee.

The cross-bill of plaintiff in error alleged that Mary W. Lee was a woman in feeble health; that for several months prior to August, 1907, plaintiff in error and his wife resided with her in her home and assisted her in caring for and managing her property and looked after her personal

comfort and welfare; that the services so rendered were so satisfactory to Mrs. Lee that she opened negotiations, through her nephew, Moses C. Wetmore, to induce plaintiff in error to enter into a contract to remain with her and care for her and look after her property during the remainder of her natural life; that said Wetmore had been for many years the adviser of Mrs. Lee in her business affairs; that he was prevented, by reason of his own large business interests, from giving the attention he desired to her affairs; that he had investigated the character of the services plaintiff in error had rendered his aunt and was desirous of procuring him to remain in her service; that after the execution by Mary W. Lee of her will, and with full knowledge of the execution and contents of such will, Moses C. Wetmore, acting either in his own individual capacity or as agent for Mary W. Lee, entered into the following contract with plaintiff in error:

"This agreement, made and entered into this 21st day of September, 1907, by and between M. C. Wetmore, of the city of St. Louis, State of Missouri, party of the first part, and Mark Watson, of Shobonier, State of Illinois, party of the second part:

*"Witnesseth:* That for and in consideration of one dollar ($1.00) in hand paid by Mark Watson, party of the second part, to M. C. Wetmore, party of the first part, the receipt of which is hereby acknowledged by M. C. Wetmore, it is hereby agreed that if the land or real estate now owned by Mrs. Mary W. Lee, of Shobonier, Illinois, is inherited by will by the said M. C. Wetmore, party of the first part, that he will deed, without further monetary consideration, to the said Mark Watson, party of the second part, one hundred (100) acres of said land or real estate situated in Fayette county, State of Illinois: *Provided, however,* that said Mark Watson, party of the second part, agrees and remains with Mrs. Mary W. Lee as long as she lives and takes care of her and treats her kindly during her lifetime. And if the said party of the second part quits the service or abandons Mrs. Mary W. Lee, then this contract or agreement is to be null and void.

"In witness whereof we have hereunto set our hands and seals the day and year first above written.

M. C. WETMORE, (Seal)
MARK WATSON. (Seal)"

The cross-bill then alleges that after the execution of this contract plaintiff in error remained with Mary W. Lee and complied with the terms of the agreement until the time of her death; that he has been informed and believes that the contract entered into by him and said Wetmore was made at the request and with the knowledge of Mary W. Lee, and that during her lifetime she gave directions in writing to said Wetmore as to what portion of her real estate she desired to be set off to plaintiff in error;. that the contract entered into between plaintiff in error and Wetmore was executed after the execution of said will, as a part of a plan and agreement between Mary W. Lee and said Wetmore whereby the services of plaintiff in error were to be engaged and he was to be compensated out of the estate of Mary W. Lee; that all the land owned by Mary W. Lee at the time of her death passed to said Wetmore, but notwithstanding the performance of the terms of the agreement on the part of plaintiff in error said Wetmore did not convey to him one hundred acres of land and did not devise such land to him by his last will and testament. The cross-bill prays for specific performance of the contract by the successor in trust of Wetmore, as trustee under the will of Mary W. Lee, in the event that it should be found that Wetmore entered into the contract as her agent, and in case it should be found that the contract was the personal transaction of the said Wetmore, that then the executor of his last will and testament be decreed specifically to perform out of any lands received by the estate of Wetmore from the estate of said Mary W. Lee. In the event that the estate of said Wetmore should not receive enough of the real estate of Mary W. Lee out of which to specifically perform the contract, the cross-bill prays that the estate of Wetmore should be decreed to convey the lands it does receive and to pay plaintiff in error the fair cash value of the difference.

In any view that could be taken of the other various questions raised, this contract cannot be specifically enforced for the reason that there is no accurate description of the property to be conveyed. The cross-bill alleges that when the contract was executed Mrs. Lee was the owner of six hundred acres of land. The contract recites that if the land then owned by Mrs. Lee is "inherited by will" by Moses C. Wetmore he will convey one hundred acres of it to plaintiff in error. Any one hundred acres out of the whole six hundred may have been referred to, as there is no means of determining what particular one hundred acres were intended. The cross-bill alleges that plaintiff in error has been informed that subsequently to the execution of the contract Mrs. Lee gave certain instructions and directions as to the land she desired to be set off to plaintiff in error out of her estate under this contract and that those instructions were in writing and signed by Mrs. Lee, but it does not allege that these instructions contained a description of the land any more definite than that provided in the contract. There are no allegations that these instructions were ever conveyed to the plaintiff in error or were known to him, or that it was ever agreed that he was to receive any particular tract of land, or that at the time of the filing of his cross-bill he had any knowledge of what particular one hundred acres of land were referred to, or were understood to be referred to, by either Wetmore or Mrs. Lee, and nowhere in the cross-bill does he attempt to designate or describe the one hundred acres he claims to be entitled to have conveyed to him. A contract to convey real estate will not be specifically enforced unless it describes the land to be conveyed with sufficient certainty to enable it to be located. *Hamilton* v. *Harvey,* 121 Ill. 469; *Glos* v. *Wilson,* 198 id. 44; *Fowler* v. *Fowler,* 204 id. 82.

The chancellor properly dismissed the cross-bill for want of equity, and the decree of the circuit court is affirmed.

*Decree affirmed.*