GEORGE McDANIEL et al., Plaintiffs-Appellants, v. ALFREIDA WORKMAN SILVERNAIL, Defendant-Appellee.

Fourth District   No. 13181

Opinion filed April 29, 1976.

Michael J. Costello and J. H. Weiner, both of Springfield, for appellants.

Barber & Barber, of Springfield (Henry R. Barber and Richard C. Edwards, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs appeal from the dismissal by the trial court of their complaint for specific performance of a real estate contract, or, in the alternative, for recovery in quantum meruit for the value of materials and services rendered. We affirm.

Plaintiffs' third amended complaint consisted of three counts. All three counts alleged these facts: Defendant is the owner of certain lands in Sangamon County; plaintiff and defendant entered into a written agreement to convey part of that property; in addition to the written agreement plaintiff agreed to make repairs; plaintiff had been in possession of the premises since October 20, 1970, pursuant to a lease but on February 14, 1972, took possession pursuant to the agreement; in

reliance on the agreement plaintiff has partially performed; defendant has refused to carry out the agreement; plaintiff has been and is ready and willing to perform.

The first count prayed for specific performance. The second alleges that the Statute of Frauds is not applicable by virtue of part performance by plaintiff. The third count alleges plaintiff is entitled to quantum meruit recovery for the materials and services he has rendered.

The document in question reads:

"2/14/72

I agree to sell to George McDaniel the house on R.R.2, in which he now lives, plus two acres, xxx for $6000. to be agreed.

Alfreida Silvernail

Rent of $70 monthly to be applied as purchase price—less taxes & Ins."

■■ Manifestly, this writing is insufficient to satisfy the Statute of Frauds (Ill. Rev. Stat. 1971, ch. 59, §2). A contract for the sale of land cannot be specifically enforced by a court unless the writing contains: (1) the names of the vendor and.vendee; (2) a description of the property which is sufficiently certain so that it can be identified; (3) the price, the terms and conditions of sale; and (4) the signature of the party to be charged. *Callaghan v. Miller*, 17 Ill. 2d 595, 162 N.E.2d 422.

From this document, a court would be unable to locate the boundaries of the property to be conveyed. Plaintiffs rely on the *Callaghan* case and upon *Draper v. Hoops*, 135 Ill. App. 388. Both are readily distinguishable. In *Callaghan*, the property described as:

" '[T]he Altha Martin property located on Route 25, north of the city of Batavia, Illinois (not in corporation). This area comprises 5 acres more or less. The space now occupied by 20 trailers is properly licensed and zoned by the State of Illinois and Kane County Zoning Dept. * * *' " 17 Ill. 2d 595, 599, 162 N.E.2d 422, 423.

There was no evidence in *Callaghan* that the seller owned more than 5 acres at that location. The description therefore is referrable to the entire property held by the seller. In the case at bar plaintiffs allege defendant is the owner of a quarter-quarter section but the contract refers to only two acres of that land.

In *Draper* the property was described as "158 acres in Lee County, Illinois." That was sufficient when supplemented by a definite written description given to the buyer simultaneously with the agreement. However, two parcels of property described as a frame residence in Walnut, Ill., and a two-story house in Franklin Park, Week Resubdivision, east of W.C.R.R. were both so indefinite that specific performance could not be ordered.

■■ The case at bar is similar to *Wetmore v. Watson,* 253 Ill. 88, 97 N.E. 237. In *Wetmore,* the seller agreed to convey 100 acres of real estate situated in Fayette County, Illinois, on condition that he inherit the land from his aunt. This description was too indefinite because the aunt owned 600 acres at the time the contract was entered into. It was impossible to determine which 100 acres was meant to be conveyed. Similarly, it is impossible to determine which two acres are meant to be conveyed by this contract.

Plaintiffs have attempted to cure the uncertain description. They argue parol evidence is admissible to show the intention of the parties. However, the essential terms of a real estate contract must be wholly in writing. (*Hanlon v. Hayes,* 404 Ill. 362, 89 N.E.2d 51.) Extrinsic evidence is not permissible to cure a patent ambiguity. (*Crocker v. Smith,* 366 Ill. 535, 9 N.E.2d 309; *Bland v. Lowery,* 27 Ill. App. 3d 867, 327 N.E.2d 477.) This agreement, to sell "two acres, xxx for $6000. to be agreed," is patently ambiguous. In order to be specifically enforceable the contract must be "definite, certain, complete and conclusive." (*Cowen v. McNealy,* 342 Ill. App. 179, 184, 96 N.E.2d 100, 102.) The second count alleges that plaintiff has sufficiently performed part of the contract so as to take the agreement out of the Statute of Frauds.

We find it unnecessary to decide whether the performance alleged is sufficient to take this case outside the Statute of Frauds. Before part performance can be effective there must be a contract and all of its essential terms must be certain and definite. *Cowen v. McNealy; Drobnick v. Rollery,* 85 Ill. App. 2d 454, 229 N.E.2d 10.

Plaintiffs argue that the terms are not indefinite. They have alleged a more definite description (although there is no allegation that both parties agreed to that description). But even the more definite description is insufficient. The description reads:

> "[O]ne square acre, 69.57 yards to the west; 69.57 yards to the north; 69.57 yards to the east; 69.57 yards to the south, comprising one square acre or 4,480 square yards, from a reference point of two concrete stakes 9½ feet apart located to the east of the residence on the south property line. The second acre is a square acre directly to the north of the aforesaid acre containing the residence."

■■ It is impossible from this description to ascertain the starting point. Is it one of the two concrete stakes or is it some undetermined point in between them? This alleged description is too indefinite to enable a court to order specific performance. In view of this holding it is unnecessary to go into the details of defendant's argument that the terms and conditions of the sale are also uncertain. We do note, however, that the contract is ambiguous in that the monthly rent is to be applied to the

purchase price but it is not made clear whether the rent paid under the lease is to be so applied or whether the provision is prospective only. Plaintiffs, in their complaint, have not alleged that this ambiguity could be explained with parol evidence. The terms of the sale are an essential part of the contract and must be certain in order for specific performance to be ordered. *Cefalu v. Breznik*, 15 Ill. 2d 168, 154 N.E.2d 237.

The third count of plaintiffs' complaint is for recovery in quantum meruit for the material and services rendered. Plaintiffs allege that considerable time and money was spent for repairs and improvements. An attached exhibit contains a list of the repairs, their cost and the time consumed. The list includes such things as repairs on the roofs, painting, and installation of laterals to the septic tank.

The issue is whether plaintiffs have alleged sufficient facts for recovery under a theory of implied contract.

> "An implied contract is an obligation created by law independent of an agreement of the parties. It arises out of the acts and conduct of the parties—out of circumstances from which the intent to contract can be inferred. (*Highway Commissioners v. Bloomington* (1911), 253 Ill. 164, 97 N.E. 280.) In *Highway* the court gave the following example of an implied contract:
>
> [W]here one person, in the absence of any express agreement, renders valuable services to another which are knowingly accepted by such other, the law will imply a promise to pay a fair and reasonable compensation for such services.
>
> A contract implied in law is equitable in its nature and is one which reason and justice dictate. It does not arise from an intent to contract or a promise to pay. It exists where there is a plain duty and a consideration. The consideration may be a parting with something by the party seeking to enforce the contract; the promise is presumed so that there will not be a failure of justice. Its essential element is the receipt of a benefit by one party which would be inequitable for that party to retain. It is predicated on the fundamental principle that no one should unjustly enrich himself at another's expense. [Citations.]" *First National Bank of Lincolnwood v. Glenn*, 132 Ill. App. 2d 322, 324-5, 270 N.E.2d 493, 495.

■■ Plaintiff has alleged that there existed a specific agreement with the defendant by which plaintiff was to make all repairs. Plaintiff has not alleged that defendant ever agreed or intended to compensate plaintiff for these repairs. The traditional rule is that a landlord is not bound to repair unless he has expressly agreed to do so. (*Forshey v. Johnston*, 132 Ill. App. 2d 1106, 271 N.E.2d 81; *Yuan Kane Ing v. Levy*, 26 Ill. App. 3d 889, 326 N.E.2d 51.) Under these circumstances, since a landlord has no plain duty to repair, a contract to compensate for those repairs will not be

implied by law. The landlord is not unjustly enriched. The repairs do not benefit only the defendant. The repairs were of the kind which also contributed to the comfort of the tenant. There is no "failure of justice" in this situation.

Accordingly, for the reason stated above, the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.