JACK BLISS *et al.*, Plaintiffs-Appellees, *v.* RAYMOND E. RHODES, SR., Defendant-Appellant.

Second District   No. 77-575

Opinion filed December 27, 1978.

Schirmer, Schirger, Graff & Beger, of Freeport, for appellant.

David L. Martenson, of Martenson, Donohue & Alexander, of Rockford, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant property owner appeals from a judgment granting specific performance of the sale of his farm land to the plaintiffs based on an offer of purchase. The defendant contends that the remedy was improvidently granted because the offer to purchase contained an insufficient legal description and was otherwise incomplete in its terms; the evidence failed to show payment of earnest money; and under the circumstances surrounding the agreement the court could not equitably order specific performance.

The offer to purchase, which is on a form headed "Bliss-Adelman, Inc. Realtors," relates the buyer as "Bliss-Adelman Realtors" and states that the subject property is situated in Stephenson County "commonly known as Raymond E. Rhodes Sr. Farm legally described as follows: Pts. of the SW¼, So. pt. of the NW ¼ and the Pt. of the W ½ of the SE ¼ Sec. 25 T. 27 N R 9 E., Ridott Township, Stephenson County, Illinois, consisting of 160 acres more or less." There is evidence that the defendant owned but one farm, of about 160 acres, in Stephenson County, and that he intended to sell his farm in its entirety. However, it appears that the references to the quarter section in the description are not wholly accurate and that, in fact, the Rhodes' farm is partially in Section 26, although only Section 25 is referred to in the abbreviated description.

■■■ In general, to enforce specific performance of a contract to sell land the agreement must be complete in itself and cannot rest partly in writing and partly in parol; and must on its face describe a particular tract of land. (*Weber v. Adler*, 311 Ill. 547, 550 (1924).) But a description is sufficient if it furnishes "the means of identifying [the land] with such certainty that from it a surveyor, by the aid of extrinsic evidence, can locate the property." (*Welsh v. Jakstas*, 401 Ill. 288, 296 (1948).) Where the parties have identified the property and there is nothing in the record to indicate that some other tract is the subject matter of the writing, specific performance may be granted even when the description admits of some

doubt. (*Callaghan v. Miller,* 17 Ill. 2d 595, 599 (1959).) In *Callaghan v. Miller,* the description "the Altha Martin property located on Route 25, north of the city of Batavia, Illinois * * * comprises five acres more or less. * * * now occupied by 20 trailers * * *" (17 Ill. 2d 595, 597) was held sufficient to support a decree granting specific performance.

■■ Here, the defendant contracted to convey his entire farm in Stephenson County. Defendant pointed out the boundaries of the property to Adelman before the offer was made. The plaintiffs, and even the defendant, all identified the property at the trial. There is nothing in the record to indicate that some other tract of land was the subject matter of the contract in question. Hence, the description in question is sufficient to support the decree. See also *Manda v. Branham,* 50 Ill. App. 3d 91, 96 (1977).

■■ The cases cited by the defendant are distinguishable. For example, in *Crocker v. Smith,* 366 Ill. 535 (1937), the description failed to indicate the county or State, and the supreme court found that there were no other extrinsic facts referred to which would aid in pointing out the property intended to be conveyed such as any reference to ownership, occupation or the like, or any other fact which would make the description definite. (366 Ill. 535, 537.) In *Bland v. Lowery,* 27 Ill. App. 3d 867 (1975), no starting point for the description was identified in the writing so that it was impossible to ascertain from the agreement where the starting point for the land was located. Similarly, in *McDaniel v. Silvernail,* 37 Ill. App. 3d 884 (1976), a description by metes and bounds was insufficient for failure to identify the starting point and the seller who had promised to convey about "two acres" of land, owned 40 acres so that the description was not referable to the entire property held by the seller. (37 Ill. App. 3d 884, 886.) Here, the description in the offer to purchase does refer to the entire property held by the seller and may be definitely located without offending the Statute of Frauds.

Defendant's argument that the offer to purchase was incapable of specific performance because it designated no escrow agent in the blank space provided for that purpose and because the plaintiffs failed to deposit earnest money into the hands of a third party is likewise not persuasive.

■■ The contract provides for the payment to defendant of $2,500 by the plaintiffs as "earnest money." Another provision states that: "The earnest money shall be held in escrow by _____ for the mutual benefit of the parties, and shall be disbursed according to the terms of this offer." No escrowee was named and the evidence indicates that the $2,500 was deposited in an account owned by Bliss-Adelman, Inc., a corporation, owned in equal shares by each of the two plaintiffs. From this defendant argues that the plaintiffs breached their contractual obligation to transfer to the defendant or his escrow agent $2,500.

However, intent may be gathered from the circumstances surrounding a transaction and blanks in an instrument may be rejected as surplusage if the parties so intend. (*Slape v. Fortner*, 3 Ill. App. 2d 339, 347 (1954).) The fact that a blank appeared after the printed words "escrow agent" does not appear to be a fatal deficiency in the agreement since the intention of the parties as to how the earnest money was to be held is ascertainable. (See also *Hofmann Co. v. Meisner*, 17 Ariz. App. 263, 497 P.2d 83, 86 (1972); *Zeigler v. Conger*, 204 Kan. 143, 460 P.2d 515, 519 (1969); *Innkeepers International, Inc. v. McCoy Motels, Ltd.*, 324 So. 2d 676, 678 (Fla. App. 1976); *N.E.D. Holding Co. v. McKinley*, 246 N.Y. 40, 157 N.E. 923, 924 (1927).) At the bottom of the contract Roger Adelman signed an acknowledgement of the receipt of the earnest money. There was testimony that the check for $2,500 was drawn from the Bliss-Adelman partnership account and placed in an account of Bliss-Adelman Realtors which was the trust account for the business operation. Adelman testified that he asked defendant at the time the contract was signed if he wanted a check for the earnest money and was told by the defendant to put the money in the plaintiffs' escrow account. The trial court found that the escrow payment was deposited in the trust account of Bliss-Adelman, Inc., and that the escrow was signed by Roger Adelman individually and not as an officer of the corporation. On the basis of the evidence the trial court could have properly found that the defendant orally waived his right to receive the earnest money and that the earnest money was in fact paid in accordance with the intention of the parties. It is well settled that a party to a written contract may by parol waive performance of a condition which was inserted in the contract for his benefit and the waiver does not require a writing. See, *e.g.*, *Fuchs v. Peterson*, 315 Ill. 370, 375 (1925). See also *Peterson v. United States Building Maintenance Co.* 96 Ill. App. 2d 398, 401-02 (1968).

■■■ Defendant also claims that the contract is unenforceable because it named the buyers as "Bliss-Adelman Realtors" whereas the offer was signed by Jack Bliss and Roger B. Adelman with no indication of authority to sign for the entity. We agree with the trial court's observation that the indentity of the parties was controlled by their signatures and not by any printed reference on the heading of the paper to the Bliss-Adelman Corporation. The testimony shows that Adelman and Bliss sometimes purchased property as a partnership and that the purchase contract carried signatures of Bliss and Adelman as buyers and Adelman as escrowee. The court's finding that the plaintiffs entered into the contract as individual persons is therefore supported by the record, as is his further finding that the plaintiffs did disclose to the defendant that they were acting in their individual capacities and not as agents for the corporation.

■■ The final contention of the defendant is that specific performance is not warranted because plaintiffs took advantage of the defendant when

he was suffering from a diminished mental and physical condition. It is conceded that the remedy of specific performance involves the sound discretion of the court to be determined from all surrounding facts and circumstances of the individual case. (*Fitzpatrick v. Allied Contracting Co.*, 24 Ill. 2d 448, 455 (1962).) Defendant contends that the discretion was abused because the evidence shows that defendant was severely depressed at the time he negotiated and signed the contract, that he was drinking a half-gallon of whiskey a day at this time, and that the plaintiffs misrepresented the actual fair market value of the land. The trial judge in a detailed memorandum opinion took judicial notice of the fact that the defendant had been charged with aggravated battery on September 8, 1976; took note of the fact that defendant was contemplating marriage at the time he signed the contract to convey on October 22, 1976, and planning to move to California, further noting that the defendant actually got married on November 2, 1976, and was deserted by his bride two days later; also, that on January 13, 1977, a petition was filed in the Circuit Court of Stephenson County praying that defendant's 13-year-old daughter be declared a ward of the court as she was not receiving adequate parental care, support or supervision at that time; and noted that "the evidence further showed that he was depressed and was sometimes intoxicated," but found that he was not intoxicated at the time he signed the contract. The court concluded from all of the facts and circumstances in evidence that the agreement was entered into between the parties openly, voluntarily and without fraud, deception or overreaching. We conclude that these findings are supported by the record. We find no evidence of fraud or deceit nor does the evidence indicate that the defendant by reason of excessive drinking or otherwise was incompetent to enter into business contracts at the time he signed the offer. The court also found that the defendant agreed to sell his real estate for less than its then fair market value, and concluded that it was impossible to determine to what extent the defendant made a bad deal but that it was clear to the court that he had done so. However, the court further concluded that the fact that he had made a bad deal was not reason in and of itself to relieve him from his obligation to fulfill it under all the relevant facts and we must agree.

⊚ 9 The testimony of two real estate brokers indicated that the defendant's farm was worth more than $675.50 per acre which was the offering price. There was testimony of one broker that the land was worth $1,400 an acre while another testified to a value of $1,500 to $1,700 an acre. It must be further noted that the plaintiffs had not been engaged by the defendant to sell his farm at fair market value but rather had offered to buy the farm for themselves. However, "[i]t is the general rule that inadequacy of consideration, exorbitance of price or improvidence in a contract will not, in the absence of fraud, constitute a defense to a bill for

specific performance." (*Stipanowich v. Sleeth,* 349 Ill. 98, 105 (1932).) The trial court properly concluded that there was no evidence sufficient to prove fraud or deceit or to prove that the defendant by reason of excessive drinking or because of his personal problems was not competent to enter into business contracts at the time he signed the offer. We cannot say that the trial court abused its discretion in granting specific performance on this record. We find the cases cited by the defendant to be distinguishable on their facts. The judgment is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.