MURRAY M. SHUGAN *et al.*, Plaintiffs-Appellants, *v.* COLONIAL VIEW MANOR, d/b/a Condeversion Realty Sales Company, Defendant-Appellee.

First District (4th Division)    No. 81-1267

Opinion filed June 3, 1982.

George M. Sachs and Associates, of Vernon Hills (Brian C. Donegan, of counsel), for appellants.

Victor J. Piekarski and Glen E. Amundsen, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiffs filed a complaint for specific performance of an alleged agreement to sell real estate or in the alternative for damages. Defendant filed a section 45 (Ill. Rev. Stat. 1979, ch. 110, par. 45) motion to dismiss on the grounds that the complaint failed to state a cause of action in that the pleadings failed to establish or evidence a valid and enforceable contract

between the parties; that no sufficient writing existed or could have existed since the parties never entered into a contractual agreement; and compliance with all conditions precedent had not been pleaded or evidenced by the plaintiffs. The trial court indicated that there was a sufficient written memorandum to justify a full hearing on whether or not there has been compliance with the Statute of Frauds. (Ill. Rev. Stat. 1979, ch. 59, par. 2.) It held, however, that the contract could not be specifically enforced because there were too many elements missing and dismissed the complaint. We reverse and remand.

Since the case was dismissed on a section 45 motion, only the pleadings can be considered. Also because the case arises on a section 45 motion the facts alleged in the complaint must be accepted as true. *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.

Plaintiffs filed two complaints, both verified. In the first complaint they alleged that defendant in June 1980 had been engaged in the business of converting and selling condominiums. Shugan, one of the plaintiffs, entered into preliminary negotiations with defendant to purchase all 12 units in Building 210, Country Club Drive of the Colonial View Manor Condominiums. On June 23, 1980, defendant, through its general partner, sent Shugan a letter offering to sell the units. The letter, attached to the complaint, reads in material part:

> "Following up our meeting on Saturday, we can offer you three proposals:
>
> 1. Installment Sale—12 units, 10% down, 11% interest only (plus taxes and maintenance fee) with a balloon payment in 3 years. This offer is subject to acceptance by Joseph Zowada as to 10 units.

| | | |
|---|---|---|
| 3 1BR at $32,900 | = | $ 98,700 |
| 3 2BRC at 35,900 | = | 107,700 |
| 6 2BRD at 38,900 | = | 233,400 |
| TOTAL at current pricing | | $ 439,800 |
| LESS $1,000 discount per unit | | -12,000 |
| Net price | | $ 427,800 |
| 10% down | | 42,780 |
| Contract balance | | 385,020 |

> \* \* \*
>
> In addition to the above, we will be able to work out something for you along the lines we discussed Saturday for your own personal unit."

The letter was signed by Michael Bufkin, defendant's partner's vice-president and general counsel. On June 27, 1980, plaintiff wrote defendant stating:

"I am in receipt of your letter dated June 23, 1980.

Please be advised that I hereby accept your offer, '1. Installment Sale'. I would also appreciate clarification in writing of your reference in the above-mentioned letter to '. . . something for you along the lines we discussed Saturday for your own personal unit.' Please contact my attorney, Sam Borek, to discuss those items which will be necessary to prepare the documentation to consummate this transaction."

On July 26, 1980, Shugan deposited a $6,000 downpayment. He later deposited another $1,000. He also executed a "Purchase Offer" which, he alleged, "memorialized and integrated" into one document the terms of the agreement. In fact this purchase offer failed to conform to the previous writing in certain respects. Only Shugan signed this offer. Plaintiffs further alleged that during July and August defendant indicated it could only convey 11 of the units and Shugan orally agreed to reduce the number from 12 to 11, the price being adjusted accordingly. Plaintiffs sought specific performance of the contract or damages.

The complaint was dismissed on defendant's motion. Plaintiffs then filed a second verified complaint. In that complaint plaintiffs alleged that in June 1980 defendant was in the business of converting and selling condominiums. A declaration of condominium ownership setting forth the legal description of the property was attached to the complaint. On June 23, 1980, the seller offered to sell the 12 units; the letter was again attached to the complaint as was Shugan's reply of June 27, 1980. In July 1980, Michael Bufkin sent Shugan a memorandum, in Bufkin's handwriting, showing each unit in Building 210 to be transferred pursuant to the contract together with a breakdown of the contract terms on a unit by unit basis. The memorandum also was attached to the complaint. Shugan made downpayments of $6,000 and $1,000. Shugan also assigned his right to 11 of the 12 units to the co-plaintiff, Lake Geneva Condominium Associates. Plaintiffs sought specific performance of the contract to sell all 12 units in Building 210 or, in the alternative, for damages. Defendant did not file an answer but instead filed a section 45 motion to dismiss. In the motion defendant alleged that the complaint failed to state a cause of action. Specifically defendant alleged:

1. the pleadings failed to establish or evidence a valid and enforceable contract between the parties;

2. no writing sufficient under the statute of frauds to evidence an alleged contract existed nor could it exist since the parties never entered into a contract;

3. compliance with all conditions precedent to an agreement were not pleaded or evidenced by the plaintiffs.

At the hearing on the motion to dismiss, defendant for the first time specifically raised plaintiffs' failure to plead that Joseph Zowada, as required by the letter of June 23, 1980, had accepted the contract, the installment sale of 10 of the units being subject to his acceptance. Plaintiffs offered to amend the complaint to show that Zowada had tendered his acceptance. The trial court did not rule on that point. It concluded that as to the Statute of Frauds there was a sufficient written memorandum to justify a full hearing on whether or not there had been compliance with the Statute of Frauds, but while plaintiffs could file another action for damages, specific performance could not be ordered because there were too many vital contractual elements missing. The trial court thereupon dismissed the complaint with prejudice. Even if the court's reasoning were correct, its order dismissing the complaint would have to be reversed since, as we recently noted in *Conway v. Conners* (1981), 101 Ill. App. 3d 121, 427 N.E.2d 1015, if a claim in equity is not stated but one in law is, the complaint cannot be dismissed although the cause may be transferred to the law division. However in this case where the trial court correctly found that the memoranda might be sufficient to satisfy the Statute of Frauds, it erred in holding that the complaint did not state a cause of action for specific performance.

## I

■■ Defendant's objection that plaintiffs had not pled conditions precedent lacked the specificity required by section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(1)), to raise the plaintiffs' failure to allege that Zowada had consented, either orally or in writing, to the installment sale or that his consent was for some reason no longer required. This issue therefore was, for the first time, raised at the hearing, and plaintiffs immediately offered to amend the complaint. Assuming that the complaint otherwise stated a cause of action, the amendment should have been allowed. *Lee v. Conroy* (1973), 13 Ill. App. 3d 694, 300 N.E.2d 505; *Coatie v. Kidd* (1958), 17 Ill. App. 2d 289, 149 N.E.2d 646 (abstract).

## II

Defendant's allegation in its motion that a valid and enforceable contract between the parties was not established or evidenced is without merit. All a plaintiff is required to do in a complaint is to set forth such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) He is not required in his complaint to evidence or prove anything. (*Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.) Indeed, except to the extent a plaintiff is required to or wishes to attach a written document relied upon to his complaint (Ill. Rev.

Stat. 1979, ch. 110, par. 36), the plaintiff is expected to plead ultimate not evidentiary facts. *Conway v. Conners* (1981), 101 Ill. App. 3d 121, 427 N.E.2d 1015.

Plaintiffs have sued for breach of contract and sought specific performance of that contract. Their amended complaint sets forth the offer and acceptance and the essential terms of the contract. This, except for plaintiffs' failure to allege Zowada's approval, is sufficient to state a cause of action. *Kalkounos v. Four K's, Inc.* (1981), 94 Ill. App. 3d 1011, 419 N.E.2d 503; *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.

■■ Defendant contends that the exhibits show that the letters were part of continuing negotiation and did not create a contract. This may be true and defendant may be able to establish this at trial. But it cannot be said that the terms of the purported contract allegedly formed by the letters of June 23rd and 27th unambiguously indicate that the parties did not intend to be bound by the contract. Accordingly this question is one of fact to be decided after receiving parol evidence and is not proper for determination pursuant to a section 45 motion. (*Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59.) A motion to dismiss is used to attack defects in a pleading and not to test the plaintiffs' ability to recover where the complaint adequately states a cause of action. *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.

■■■ Defendant contends that plaintiffs cannot recover because the two complaints must be read together as the first was verified, and that reading them together the terms are not settled since in the first complaint plaintiffs relied on the July 26 purchase offer, which altered the terms, and on the oral modification. It is true that where the complaint is verified, the plaintiff is bound by the facts pleaded in the complaint even if the complaint is dismissed and he should plead over (*Merritt v. Greves* (1979), 82 Ill. App. 3d 863, 403 N.E.2d 475, *appeal denied* (1980), 81 Ill. 2d 593; *Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 376 N.E.2d 621), absent a pleading of mistake or inadvertence. Thus plaintiffs are bound by their allegation that there was a July 26 purchase order which Shugan signed, and that Shugan indicated a willingness, at defendant's behest, to reduce the number of units to 11. But this is irrelevant since neither act could modify the contract of June 27 if in fact a contract was made on that day. The alleged purchase offer was not signed by defendant; indeed there was no allegation it was even accepted by defendant. Accordingly it could not act to modify an already existing contract. Nor does the existence of the "purchase offer" prove as a matter of law that the parties had not previously entered into a binding contract. Likewise the alleged parol agreement in July or August, being parol and

executory, was legally insufficient to modify the written contract to sell real estate. (*Northmoor Estates, Inc. v. Board of Education* (1965), 56 Ill. App. 2d 491, 206 N.E.2d 111 (abstract); 72 Am. Jur. 2d *Statute of Frauds* §3 (1974).) Finally the allegation in the first complaint that the purchase offer memorialized and integrated the contract was not an allegation of fact but a mere conclusion not borne out by the rest of that complaint including the exhibits. It follows that the pleadings in the first complaint are irrelevant and do not affect the efficacy of the amended complaint.

We note that if on remand, defendant waives the Statute of Frauds, defendant can rely on plaintiffs' admission that the contract was orally modified to reduce the number of units to eleven. But then plaintiffs can introduce parol evidence to prove the terms of the contract, including the terms of the modification. There still would be no inconsistency between the pleadings since the first was based on the alleged contract between the parties if the Statute of Frauds was not invoked and the amended complaint on the alleged contract between them if it is invoked.

### III

The Statute of Frauds does not act *sua sponte* to invalidate all oral contracts falling within its scope. (*Ullsperger v. Meyer* (1905), 217 Ill. 262, 75 N.E. 482.) The Statute of Frauds is an affirmative defense (*Whildin v. Kovacs* (1981), 93 Ill. App. 3d 582, 417 N.E.2d 736; *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226), and must be raised by the party relying on it. (*Haas*; *Terminal Freezers, Inc. v. Roberts Frozen Foods, Inc.* (1976), 41 Ill. App. 3d 981, 354 N.E.2d 904; Ill. Rev. Stat. 1979, ch. 110, par. 43(4).) Where the Statute of Frauds is not properly invoked by the pleadings as a defense, a verbal contract for the conveyance of real estate may be enforced. *Thomas v. Pope* (1942), 380 Ill. 206, 43 N.E.2d 1004.

Defendant invoked the Statute of Frauds in its section 45 motion. The trial court, while not entering a finding on that issue, indicated at the hearing it doubted the defense was meritorious. Defendant on appeal has not invoked the Statute of Frauds; thus it would appear not to be an issue before this court. However, since it may be invoked again upon remand (*Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226; *Uscian v. Blacconeri* (1975), 35 Ill. App. 3d 80, 340 N.E.2d 618, *appeal denied* (1976), 62 Ill. 2d 592), this court will address the issue.

■■ The Statute of Frauds (Ill. Rev. Stat. 1979, ch. 59, par. 2) provides that no action shall be brought to charge any person upon the sale of lands unless such contract or some memorandum or note thereof shall be in writing and signed by the party to be charged. The memorandum may be composed of more than one document, not all of which need to be signed.

(*Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360, 390 N.E.2d 417.) The memoranda or written contract must contain the essential terms of sale (*McDaniel v. Silvernail* (1976), 37 Ill. App. 3d 884, 346 N.E.2d 382), such as a description of the property, the price and method and manner of payment (*Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59), but it is not necessary to provide for every collateral matter or every future contingency. (*Chicago Investment Corp.*) Furthermore, certain "reasonable terms" may be read in. *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226.

Assuming that there was a contract, the seller's offer was shown by the letter of June 23 signed by it; the buyer's acceptance by the letter of June 27. The property was identified (except for the building) by the letter of June 23. A description of a tract by popular name, in this case Colonial View Manor, is sufficient to satisfy the Statute of Frauds. (72 Am. Jur. 2d *Statute of Frauds* §330 (1974).) The price of the property is specified in the first letter; that the property is to be paid for by installment payment with a balloon payment in three years is provided by the first letter as accepted by the second. The down payment is likewise specified by the two letters. The time for the down payment, place for its payment, date for delivery of property or a requirement that title must be clear are not in the letters but their absence does not trigger the operation of the Statute of Frauds as reasonable terms may be read in. (*Ullsperger v. Meyer* (1905), 217 Ill. 262, 75 N.E. 482; *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226; *Gerald Elbin, Inc. v. Seegren* (1978), 62 Ill. App. 3d 20, 378 N.E.2d 626; *Lewis Realty Co., Inc. v. Smith* (1972), 7 Ill. App. 3d 734, 288 N.E.2d 515; 72 Am. Jur. 2d *Statute of Frauds* §340 (1974).) The only essential term not specified in the two letters is the designation of which building is being sold. That is supplied by the handwritten memorandum which lists the building as 210.

■■■ Where a contract consists of several documents it is necessary that the signed writing refer to the unsigned writing or that the several writings be so connected, physically or otherwise, that it may be determined by internal evidence that they relate to the same contract. (*Western Metals Co. v. Hartman Ingot Metal Co.* (1922), 303 Ill. 479, 135 N.E. 744; *Jones v. Olsen* (1980), 80 Ill. App. 3d 1016, 400 N.E.2d 665, *appeal denied* (1980), 81 Ill. 2d 584.) Parol evidence may bring the writings together (*Western Metals Co.*), but the connection must be shown by internal evidence such as a reference to the same subject matter. (*Jones.*) Here the handwritten memorandum which lists the twelve units and details the same terms expressed in the June 23 letter shows a sufficient connection with the two letters that parol evidence may be introduced to identify the handwriting and set forth the circumstances under which the memorandum was re-

ceived. (*Crabtree v. Elizabeth Arden Sales Corp.* (1953), 305 N.Y. 48, 110 N.E.2d 551; Annot., 81 A.L.R.2d 991, 1005 (1962).) As stated by the New York court in *Crabtree*, 305 N.Y. 48, 55-56, 110 N.E.2d 551, 554:

> "The language of the statute—'Every agreement* * * is void, unless * * * some note or memorandum thereof be in writing, and subscribed by the party to be charged' (Personal Property Law, §31)—does not impose the requirement that the signed acknowledgment of the contract must appear from the writings alone, unaided by oral testimony. The danger of fraud and perjury, generally attendant upon the admission of parol evidence, is at a minimum in a case such as this. None of the terms of the contract are supplied by parol. All of them must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed. Parol evidence—to portray the circumstances surrounding the making of the memorandum— serves only to connect the separate documents and to show that there was assent, by the party to be charged, to the contents of the one unsigned."

Since the complaint did state a cause of action for specific performance and the documents attached to the complaint indicate that the requirements of the Statute of Frauds may have been met the judgment of the trial court dismissing the complaint is reversed and the case remanded for further proceedings.

Reversed and remanded.

JOHNSON, P. J., and JIGANTI, J., concur.