DAVID GUEL, Plaintiff-Appellant, *v.* KAREY C. BULLOCK *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—55

Opinion filed August 28, 1984.

Albert Brooks Friedman, Ltd., of Chicago (Frederick M. Ellis, Jr., of counsel), for appellant.

Hopkins & Sutter, of Chicago (Elvin E. Charity, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff David Guel sought specific performance of a contract to purchase real estate. Named as defendants were the owner of the property in issue, Karey C. Bullock, and Joseph and Shou-Mei Morris, the ultimate purchasers of the property. Defendants filed a motion for summary judgment which was granted, and plaintiff appeals.

On February 6, 1982, plaintiff contracted to buy and defendant Karey Bullock contracted to sell real estate owned by Bullock. The contract described the property as "8427 S. Euclid." The contract provided that plaintiff would pay $4,500, assume the mortgage on the property, and pay all back taxes which were due. The agreement designated plaintiff as the purchaser and Bullock as the seller, and it was signed by Bullock and plaintiff's agents.

On February 24, 1982, plaintiff received a letter from Bullock's attorney stating that Bullock was rescinding the contract to purchase. This letter was signed by Bullock's attorney. Thereafter, Bullock sold his property to Joseph and Shou-Mei Morris for $8,000 under the same conditions contained in the agreement between plaintiff and Bullock. Plaintiff then sued for specific performance of the contract.

In his amended complaint, plaintiff contended that by reading the February 6 contract in conjunction with the February 24 letter of rescission, the essential elements for specific performance of the contract could be found. Defendants filed a motion for summary judgment on the grounds that the contract in issue failed to comply with the Statute of Frauds. The trial court granted the motion for summary judgment on the grounds that the contract failed to comply with the Statute of Frauds and because it appeared that plaintiff was not ready, willing and able to perform the terms of the contract. Plaintiff then instituted this appeal.

Plaintiff first contends that the trial court erred in concluding that the contract in issue did not comply with the requirements of the Statute of Frauds.

■■ In Illinois, no action on a contract for the sale of an interest in land may be brought unless the contract is in writing and signed by the party to be charged. (See Ill. Rev. Stat. 1981, ch. 59, par. 2.) For a court to decree specific performance of a contract to convey real estate, the contract must be "definite and certain in its terms and conditions, contain the names of the vendor and vendee, a description of the property sufficient to identify it, the price, the terms and conditions of sale, together with the signatures of the parties to be charged." (*Pocius v. Fleck* (1958), 13 Ill. 2d 420, 427, 150 N.E.2d 106.) This appeal turns on the degree of specificity required by the

Statute of Frauds.

The contract in issue provides as follows:

"February 6, 1982

Seller agrees to sell and buyer agrees to buy on an assumption of the present mortgage of the property commonly known as 8427 S. Euclid. Buyer will pay on closing the sum of five thousand five hundred dollars in cash.

Buyer will pay all closing costs (excepting sellers attorney fees) and will assume all past due mortgage payments and real estate taxes.

This agreement subject to a title search to disclose any hidden liens, judgments or claims on the property.

This agreement is also subject to the mortgagee (Bell Federal) accepting the assumption."

The first ambiguity noted by defendants and the primary point of contention is the contract's failure to designate what city and State the property is located in. Plaintiff asserts that this defect is remedied by the letter of February 24, 1982, from Bullock's attorney to plaintiff. In that letter, Bullock's attorney acknowledged the existence of the contract for the sale of "8427 S. Euclid, Chicago, Illinois" and then proceeded to serve notice that that contract was being rescinded. Plaintiff asserts that when the letter of February 24, 1982, is read in conjunction with the contract of February 6, 1982, a property description which satisfies the Statute of Frauds results.

The difficulty with this approach is the fact that the letter of February 24, 1982, was signed only by the attorney, and not by the "party to be charged" (Bullock), and is therefore not binding on Bullock. Plaintiff argues that the attorney was Bullock's agent and that the letter does bind Bullock. However, an attorney who is employed to provide advice with respect to a real estate transaction is not authorized to act as his client's agent except as specifically authorized. (See *Lanski v. Chicago Title & Trust Co.* (1927), 324 Ill. 367, 373, 155 N.E. 296.) The specific authority to bind a client must be in writing where an interest in realty is at issue. *McMillan v. Ingolia* (1980), 87 Ill. App. 3d 727, 730, 410 N.E.2d 162.

In the instant case, in support of defendants' motion for summary judgment, Bullock submitted an affidavit in which he stated that he did not authorize anyone to act as his agent with respect to the real estate transaction in issue. Plaintiff did not file a counteraffidavit contradicting this statement, and the court was therefore bound to accept it as true. (See *Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 734, 420 N.E.2d 672.) Thus, the trial court

correctly disregarded the letter of February 24, 1982, in ruling on the motion for summary judgment.

■ Without the letter of February 24, the description of the property in issue is that provided in the contract: "8427 S. Euclid." Defendants cite *Crocker v. Smith* (1937), 366 Ill. 535, 9 N.E.2d 309, for the proposition that the failure to specify the county or State of the subject property in a contract to purchase real estate renders the contract unenforceable under our Statute of Frauds. But the failure to specify the county or State was only one of several reasons cited by the court in *Crocker* in support of its finding that the contract in issue could not be specifically enforced. (See 366 Ill. 535, 537.) If the omission of the county or State from the property description had been the only ambiguity in the contract, it is not apparent that the court would have held the contract to be unenforceable as a matter of law. See *Ullsperger v. Meyer* (1905), 217 Ill. 262, 264, 266, 75 N.E. 482; *Gage v. Cameron* (1904), 212 Ill. 146, 173, 72 N.E. 204.

Under the Statute of Frauds in this State, parol evidence may be used to clarify the terms of a written contract. (See *Callaghan v. Miller* (1959), 17 Ill. 2d 595, 599, 162 N.E.2d 422; *Werling v. Grosse* (1979), 76 Ill. App. 3d 834, 841, 395 N.E.2d 629.) This is not to say that parol evidence may be used to supply missing terms. Only when the contract itself evinces the fact that the parties intended to be bound and that they agreed on the essential terms may parol evidence be introduced. See Corbin, Contracts sec. 499, at 689 (1950).

■ In order to be enforceable under our Statute of Frauds, a contract for the sale of land must contain: (1) a description of the property which is sufficiently certain so that it can be identified; (2) the price, the terms and conditions of sale; (3) the names of the vendor and vendee; and (4) the signature of the party to be charged. *McDaniel v. Silvernail* (1976), 37 Ill. App. 3d 884, 886, 346 N.E.2d 382.

In the instant case it is apparent that the parties entered into the agreement in issue intending to be bound and that they came to an agreement as to the essential terms. Defendant does not refute this. Rather, defendant claims that the written contract is not detailed enough to be enforceable.

Clearly, a contract need not provide for every contingency to be enforceable under the Statute of Frauds. (See *Shugan v. Colonial View Manor* (1982), 107 Ill. App. 3d 458, 465, 437 N.E.2d 731.) If it is apparent from the writing that a term has been agreed upon, parol evidence may be introduced to clear up any ambiguity. See, *e.g.*, *Callaghan v. Miller* (1959), 17 Ill. 2d 595, 599, 162 N.E.2d 422; *Werling v. Grosse* (1979), 76 Ill. App. 3d 834, 841, 395 N.E.2d 629; *Bliss v.*

*Rhodes* (1978), 66 Ill. App. 3d 895, 897-98, 384 N.E.2d 512; see also Corbin, Contracts sec. 499, at 689 (1950).

■ In the instant case, defendant argues that the property description in the contract ("8427 S. Euclid") is too ambiguous to enforce. But by resorting to parol evidence, plaintiff may be able to establish that defendant Bullock has an interest in only one parcel of real estate which is designated as "8427 S. Euclid" and that that parcel is located in Chicago, Illinois. (See *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 897, 384 N.E.2d 512.) If plaintiff was given an opportunity to present such evidence, it would be readily apparent that there was no other parcel of real estate to which the contract could apply. See, *e.g., Callaghan v. Miller* (1959), 17 Ill. 2d 595, 599, 162 N.E.2d 422; *Werling v. Grosse* (1979), 76 Ill. App. 3d 834, 841, 395 N.E.2d 629; *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 897-98, 384 N.E.2d 512; see also Corbin, Contracts sec. 505, at 719 (1950).

In the instant case, the trial court granted defendants summary judgment because of the insufficiency of the written contract. But summary judgment should not be granted unless it is apparent that no set of facts can be proved to sustain the cause of action. (*Golden Rule Life Insurance Co. v. Mathias* (1980), 86 Ill. App. 3d 323, 332, 408 N.E.2d 310.) Under the above analysis concerning the sufficiency of the property description, it appears that plaintiff could prove a set of facts to allow enforcement of the contract. We find that summary judgment was improperly granted.

Defendants attempt to bring into question the sufficiency of other terms of the contract in issue. But it is not apparent that these terms are as ambiguous as defendants claim. In any event, it is clear that these terms were agreed upon by the parties, and plaintiff should be given the opportunity to produce evidence to clarify these terms to defendants' satisfaction. To the extent that the court's grant of summary judgment was based on the alleged ambiguities of these terms, it was in error because they could have been clarified through parol evidence.

By our reversal of the trial court's judgment, we are not precluding the trial court from dismissing plaintiff's complaint on the basis of the Statute of Frauds. If, after the presentation of parol evidence, it becomes apparent that the parties did not in fact come to an agreement as to the essential terms of the contract, the court will be justified in dismissing plaintiff's action. See Corbin, Contracts sec. 499, at 688 (1950).

■ Plaintiff also objects to that portion of the trial court's order which states that plaintiff was not ready, willing and able to perform

under the contract in issue. Defendants defend this part of the order by arguing that at the time the contract was entered into, the property was "distressed" (mortgage installments and property taxes were past due) and plaintiff was aware of this fact. Defendants assert that it was apparent to all parties involved that time was of the essence in performing under the contract. Defendants conclude that plaintiff's failure to apply for an assumption of defendant Bullock's mortgage within 18 days of signing the contract indicates that plaintiff was not ready, willing and able to perform.

Where the parties to a contract intend that the contract is to be performed as soon as possible, they should expressly provide in the contract that "time is of the essence." Without such a provision, the court will imply a reasonable time for performance (see *Ullsperger v. Meyer* (1905), 217 Ill. 262, 267, 75 N.E. 482), and what is a reasonable time for performance is a question of fact.

In the instant case, the contract in issue did not provide that performance should occur within a stated time or that time was of the essence. Thus, a question of fact was presented as to whether plaintiff's failure to act within 18 days of signing the contract was beyond a reasonable time. Under these circumstances, a grant of summary judgment was inappropriate.

■ Defendants Joseph and Shou-Mei Morris contend that the trial court's grant of summary judgment in their favor was proper because they are *bona fide* purchasers for value. A person who takes title to real property in good faith for value *without notice of outstanding rights of others* is a *bona fide* purchaser and takes such title free of the rights and claims of third parties. In his amended complaint, plaintiff Guel alleged that the Morrises had knowledge of his purchase of the subject property before they contracted to purchase that same property. This allegation was supported by two averments of fact. First, plaintiff claimed that:

"9. The Defendants, JOSEPH MORRIS and SHOU—MEI MORRIS were aware of the previously executed agreement between DAVID GUEL and KAREY C. BULLOCK and therefore were not bona fide purchasers due to the fact that at the time of transfer of the property to JOSEPH MORRIS and SHOU-MEI MORRIS they were represented by one Harold Markham, who also represented the Defendant, KAREY C. BULLOCK."

Second, plaintiff claimed that:

"10. Further the Defendants, JOSEPH AND SHOU-MEI MORRIS were fully aware of said agreement due to the fact that they received a copy of the letter of February 24, 1982 at-

tached hereto as Exhibit 'B'."

■■ The Morrises' answer to plaintiff's complaint contained general denials to the averments discussed above. The motion for summary judgment did not address them at all. The motion dealt exclusively with the alleged failure of plaintiff's agreement to meet the requirements of the Statute of Frauds. The motion did not contain a single provision refuting the factual averments concerning the Morrises' alleged knowledge of the prior agreement. Thus, the trial court was presented with only plaintiff's averments and the Morrises' general denials in ruling on the motion for summary judgment. Clearly, to grant the motion in this situation would be inappropriate unless the invalidity of the averments was evident on their face or was revealed by the exhibits accompanying the pleadings and motion. In ruling on a motion for summary judgment, a trial court must construe the motion, pleadings and supporting documents most strictly against the moving party and most liberally in favor of the opponent. *Cimino v. Dill* (1980), 92 Ill. App. 3d 345, 348, 415 N.E.2d 1272.

■■ As to the first averment in issue, the Morrises contend that it is invalid as a matter of law. This averment charges that the Morrises had knowledge of the prior agreement because at the time they purchased the property, "they were represented by one Harold Markham, who also represented the Defendant, KAREY C. BULLOCK." The Morrises interpret this averment as an improper attempt by plaintiff to impute to the Morrises the knowledge of their attorney, Harold Markham, concerning the prior agreement. At this stage of the proceedings, however, such a narrow reading of this averment is inappropriate.

Under a liberal reading of the above averment, plaintiff should be allowed to produce evidence that attorney Markham *directly informed* the Morrises of plaintiff's contract to purchase the subject property prior to the time that the Morrises contracted to purchase that same property. This appears to be a reasonable interpretation of this averment, and we find that plaintiff should be given an opportunity to produce evidence on this point.

The second averment charges that the Morrises, prior to contracting to purchase the subject property, received a copy of a letter which alluded to the prior agreement between plaintiff and Bullock. The letter was attached as an exhibit to plaintiff's amended complaint. The letter was sent to plaintiff, was signed by Markham, and indicated that copies of the letter were to be sent to defendant Bullock and to an attorney named Barry Schmarak. The Morrises assert that it is evident from the face of the letter that they were not a party to it and

that they did not receive a copy of it. It may be, however, that one of the parties to the letter made a copy and gave it to the Morrises, and plaintiff may be able to produce evidence to this effect. This scenario is reasonably encompassed in plaintiff's averment, which states simply that the Morrises "received a copy of the letter." This is admittedly a strict construction of the averment, but as we noted above, a motion for summary judgment requires that the documents involved be strictly construed in favor of the nonmoving party. Viewed from this perspective, it was inappropriate to dispose of this second averment as a matter of law.

In support of its motion for summary judgment, the Morrises stated that "[p]laintiff has failed to show any actual or constructive knowledge on the part of Mr. and Mrs. Morris with respect to the dealings between Plaintiff and Karey C. Bullock." Plaintiff was not, however, required to prove anything at this stage of the proceedings. (See *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 325, 431 N.E.2d 48.) All that plaintiff was required to do to survive a motion for summary judgment on the issue of the Morrises' knowledge was to raise a triable issue of fact. We find that he has done so in the instant case.

For the reasons expressed herein, the judgment of the circuit court is reversed and this case is remanded for further proceedings.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.